FILED

11/19/2019

Clerk, U.S. District Court
District of Montana
Helena Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| UNITED STATES OF AMERICA, | CR-18-11-H-CCL |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| ADAM GALLIHER, JR., | |
| Defendant. | |

Defendant Adam Galliher, Jr. moves to withdraw his guilty plea so that he can litigate the motion to suppress which was denied as moot after he moved to change his plea. The United States opposes the motion and has notified the Court that Defendant's former counsel will not provide information regarding his advice to Defendant without a court order.

**BACKGROUND**

On May 4, 2018, the United States filed a two-count indictment charging Mr. Galliher with possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Mr. Galliher was serving time on a related charge filed by the State of Montana and was writted out of state

custody to appear before Magistrate Judge Johnston on June 7, 2018. He was represented at the hearing by Hank Branom of the Great Falls Office of the Federal Defenders of Montana. Deputy Federal Defender Michael Donahoe (Mr. Donahoe) was appointed to represent Mr. Galliher in future proceedings.

On June 22, 2018, Mr. Donahoe filed a motion to dismiss Count I of the indictment on double jeopardy grounds and a motion to suppress certain evidence. On July 6, 2018, the United States filed its response to Defendant's pending motions and Defendant filed a motion to change his plea from guilty to not guilty. The Court referred Defendant's motion to change plea to Magistrate Judge Johnston and denied Defendant's pending motions to dismiss and suppress as moot.

Mr. Galliher appeared before Magistrate Judge Johnston in Great Falls for a change of plea hearing on July 31, 2018. Mr. Donahoe traveled to Great Falls and represented his client during that hearing. Magistrate Judge Johnston found that Defendant's guilty plea was knowing and voluntary and recommended that the undersigned accept the guilty plea, which I did, on August 15, 2018.

The Court initially set sentencing for October 18, 2018, but granted Defendant's three unopposed motions to continue, resulting in sentencing being continued until September 17, 2019. The first request for continuance was

prompted by the submission of the final pre-sentence report, on October 5, 2018. Mr. Donahoe requested a continuance of at least 60 days so that he could gather additional documents to support his client's request for a downward departure or variance from the advisory guideline range. Shortly after granting the first continuance and moving the sentencing date to April 25, the Court also extended the deadline for filing sentencing memoranda until April 18, 2019.

After the first continuance was granted, Mr. Donahoe underwent heart surgery and was unable to work for a number of weeks. The second motion to continue was submitted on April 3, 2019, by Assistant Federal Defender Joslyn Hunt, who was covering Mr. Donahoe's case load, and asked for additional time so that Mr. Donahoe could complete his recovery. According to that motion, Mr. Galliher had expressed a preference for waiting until Mr. Donahoe could represent him because of their positive working relationship. (Doc. 49 at 2).

Mr. Donahoe was able to return to work in time to file a sentencing memorandum and two sentencing letters on behalf of his client on April 18, 2019. On May 24, Mr. Donahoe filed an *ex parte* motion for issuance of subpoenas, which the Court denied. Mr. Donahoe filed an additional sentencing letter on May 29, 2019. Mr. Donahoe also filed a notice of his intent to call witnesses at the sentencing hearing then set for June 7, 2019.

On June 7, 2019, the date set for Mr. Gallilher's sentencing, Mr. Donahoe filed a "Motion for Clarification of Plea Agreement and Alternative Motion to Continue Sentencing Hearing." Mr. Donahoe noted in his motion that the Supreme Court would be issuing a decision in *Gamble v. United States* which could support Defendant's double jeopardy claim. Mr. Donahoe had believed that claim was preserved, even though Defendant had waived his right to appeal his plea agreement, but had re-read another recent Supreme Court opinion, *Class v. United States*, 138 U.S. 798 (2018) the night before, in preparation for sentencing, and had decided that he should preserve his right to withdraw the guilty plea, in case the Supreme Court decided *Gamble* in a way that favored his client.

The Court conferred with Mr. Donahoe and counsel for the government in chambers and then issued an order continuing the sentencing until September 17, 2019. The Supreme Court issued its decision in *Gamble* on June 17, 2019, and it did not support Mr. Galliher's double jeopardy argument.

In August of this year, Defendant submitted a number of hand-written documents expressing his dissatisfaction with Mr. Donahoe. These documents were filed under seal and electronically served on counsel for the United States and Mr. Donahoe, but were not designated as motions. On August 29, 2019, the Court held an *ex parte* hearing on the issue of whether substitute counsel should

4

be appointed. The Court determined that there had been a breakdown in communication between Mr. Galliher and Mr. Donahoe and appointed Palmer Hoovestal, a long-time member of the Helena CJA panel, to represent Mr. Galliher. Mr. Hoovestal filed a motion to withdraw guilty plea on behalf of his client on October 22, 2019.

**LEGAL STANDARD**

The United States Supreme Court has ruled that a defendant may only withdraw a guilty plea after its acceptance and prior to sentencing if he demonstrates a "fair and just reason." *United States v. Hyde*, 520 U.S. 670, 671 (1997). The Ninth Circuit applies the fair and just reason standard liberally. *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* "Erroneous or inadequate legal advice may also constitute a fair and just reason for plea withdrawal, even without a showing of prejudice, when the motion to withdraw is made presentence." *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

///

**ANALYSIS**

Defendant claims that he should be allowed to withdraw his guilty plea because he would not have pled guilty had his then-counsel told him about a document that was not produced by the United States until June 21, 2018,[1] the day before Mr. Donahoe filed the motion to suppress and supporting brief. Defendant points out that the document was produced after the discovery deadline and is not mentioned in the brief. (Doc. 89 at 2).

Defendant relies primarily on the Ninth Circuit decision in *McTiernan* to support his argument. In that case the Ninth Circuit reversed the district court's denial of a defendant's motion to withdraw and remanded the case for a full evidentiary hearing, based on the defendant's claim that he would not have pled guilty if his previous counsel had explained the possibility of a motion to suppress a recorded phone call. *Id.* at 1168 - 69.

The United States relies on *United States v. Mayweather*, 634 F.3d 498 (9th Cir. 2010) to argue that Mr. Galliher should not be allowed to withdraw his guilty plea because he was aware of the suppression issue prior to entering his guilty plea. Like Mr. Galliher, the defendant in *Mayweather* relied on *McTiernan* – but

---

[1] The document in question is labeled USAO 122 and can be found in the record at Doc. 85-3.

6

to no avail. The Ninth Circuit noted the "fundamental and dispositive difference between *McTiernan* and this case [*Mayweather*]; namely, whether, prior to pleading, the defendant was aware of the prospect of making a suppression motion." *Id.* at 506.

Defendant Mayweather stated in his "post-plea affidavit" that he instructed his former counsel to file a suppression motion. *Id.* The Ninth Circuit held that the district court properly rejected Mayweather's motion to withdraw because Mayweather had the opportunity to "voice his displeasure with [former counsel's] failure to file a suppression motion" during the "thorough Rule 11 proceeding." *Id.* The Ninth Circuit did not address Mayweather's claim that his former counsel's failure to file the suppression motion constituted ineffective assistance, holding only that "Mayweather's knowledge" of his counsel's failure to file the suppression motion "precludes plea withdrawal." *Id.* at 507.

This case can be distinguished from both *McTiernan* and *Mayweather* because Mr. Donahoe has appropriately refused to make a statement addressing the issue of when he received the document produced by the government on June 21, 2018, and what, if any, discussion he had about that document with Mr. Galliher prior to Mr. Galliher's entry of a guilty plea without a court order. Mr. Donahoe, as a member of the Montana State Bar admitted to practice before this

7

Court, is bound by Rule 1.6 of the Montana Rules of Professional Conduct. He may "reveal information relating to" his representation of Mr. Galliher in limited circumstances, Mont. R. Prof'l Conduct 1.6(a), including when necessary to comply with a court order. Mont. R. Prof's Conduct 1.6(b)(4).

The Court having determined that a statement from Mr. Donahoe is necessary,

**IT IS HEREBY ORDERED** that Mr. Donahoe shall provide the United States with a declaration explaining when he received the document produced by the government on June 21, 2018, and what, if any, discussion he had about that document with Mr. Galliher prior to Mr. Galliher's entry of a guilty plea. The United States shall file a supplement brief in response to Defendant's motion to withdraw, along with Mr. Donahoe's declaration, on or before December 6, 2019. Defendant shall have until December 20, 2019, in which to file any supplemental reply brief.

Done and dated this 18th day of November, 2019.

CHARLES C. LOVELL
SENIOR UNITED STATES DISTRICT JUDGE