**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **Cause No. CR 18-11-H-BMM** |
| Plaintiff/Respondent, | |
| vs. | **ORDER** |
| ADAM GALLIHER, JR., | |
| Defendant/Movant. | |

Pro se prisoner Adam Galliher, Jr. ("Galliher") has filed a 28 U.S.C. § 2255

Motion to Vacate, Set Aside, or Correct the Sentence (Doc. 168.)  Galliher

challenges the 78-month sentence[1] he is presently serving following his guilty plea

to Possession with Intent to Distribute Methamphetamine.  Galliher now

challenges his sentence based upon the purported ineffective assistance of trial

counsel.  Specifically, Galliher alleges that counsel failed to ensure that he was

credited with time that he served following his federal sentencing hearing, but

before being taken into federal custody. (*Id.*)

I.     **Preliminary Review**

Before the United States is required to respond, the Court must determine

whether "the motion and the files and records of the case conclusively show that

---

[1] Galliher initially received a 120-month sentence which was later reduced when his motion for compassionate release was granted in part.  *See*, (Doc. 167.)

the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). A court reviews the Section 2255 "motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack[.]" Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A district court must summarily dismiss a Section 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *Id.* A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). A court should "eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II.     Background

On May 4, 2018, an Indictment was handed down charging Galliher with Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) (Count I) and Felon in Possession of a Firearm and Ammunition in violation of 19 U.S.C. § 922(g) (Count II). *See*, Indictment (Doc. 1.) Galliher was writted out of state custody to appear on the federal charges. (Doc. 7.)

Galliher initially entered a guilty plea pursuant to a plea agreement, *see e.g.,* (Docs. 22 & 32). Galliher filed a motion to withdraw his guilty plea on April 7, 2020.  Galliher was appointed Palmer Hoovestal ("Hoovestal") as substitute counsel and was ultimately allowed to withdraw his guilty plea.  (Docs. 77 & 98.) Hoovestal filed a motion to suppress evidence based upon an illegal stop.  (Docs. 99 & 100.)

The Court held a hearing on Galliher's motion to suppress on July 21, 2020. The Court denied Galliher's motion. The Court entered an Amended Order denying the suppression motion on August 10, 2020.  (Docs. 113 & 116.)  On that same day, Galliher filed an unopposed motion to change his plea along with a written Plea Agreement.  (Docs. 117 & 118.)  The Plea Agreement called for Galliher to plead guilty to Count I of the Indictment and true to a forfeiture allegation, in exchange for the United States dismissing Count II of the Indictment at the time of sentencing. The Court held a change of plea hearing on August 18, 2020. (Doc. 121.)

Galliher appeared for sentencing on October 27, 2020.  A Presentence Investigation Report ("PSR") was prepared.  (Doc. 134.)  To fulfill the sentencing objectives of 18 U.S.C. § 3553(a), Galliher was sentenced to the Bureau of Prisons, for 120 months, followed by 5 years of supervised release.  *See*, Min. (Doc. 131); Judg. (Doc. 132.) Galliher timely appealed. The Ninth Circuit affirmed this Court's

denial of his motion to suppress on November 22, 2021.  *United States v. Galliher*, Mem. No. 20-30228 (9th Cir. Nov. 22, 2021); (Doc. 140.)

**Galliher's Post-Judgment Motions**

Pertinent to the instant proceedings are various post-judgment motions filed by Galliher.  It is noteworthy that when Galliher was writted out of state custody, he was serving active state sentences.  Galliher had been charged with Criminal Possession of Dangerous Drugs and Criminal Possession of Drug Paraphernalia in the Montana Lewis and Clark County District Court in Cause No. ADC 2017-172. The conduct in that Montana state court matter was the same conduct reflected in his federal offense.  *See e.g.*, PSR (Doc. 134 at 13, ¶ 52.)  Galliher received a sentence of 5 years in state custody, to run concurrent to two state revocation sentences imposed in Cause No. BDC 2010-212 (Criminal Distribution of Drugs) and DDC 2012-326 (Criminal Possession of Dangerous Drugs).  (*Id*. at 13-14.)

The interplay of Galliher's state sentences and his federal sentence was the topic of discussion at his sentencing hearing.  *See e.g.,* Trans. (Doc. 145 at 5-9.) The parties agreed that Galliher was to be credited for a total of 898 days of time served prior to sentencing.  (*Id*. at 7-8.)  The Court then explained, "I would intend to deal with this issue, though- to avoid a fight with the Bureau of Prisons about the credit, I typically will say that I would have imposed a sentence of X months. In light of this other time spent, I will impose a sentencing of X minus Y months to

avoid any confusion with the Bureau of Prisons about that." (*Id*. at 6:23-25 to 7:1:3.)

Galliher's guideline range was calculated at 188 to 235 months. *See*, PSR (Doc. 134 at 20, ¶ 107); Trans. (Doc. 145 at 37.)  The Government requested a guideline range sentence, while the defense asked for 60 months.  The Court departed downward from the guideline range after finding that the career offender designation overstated Galliher's criminal history.  (*Id.* at 39:8-12.)  The Court determined that Galliher should get credit for 898 days of time served, but it was also observed that it was not just the state criminal matter that shared the same offense conduct for which Galliher had been sitting in jail since 2017. Galliher was also serving two separate state revocation sentences. (*Id*. at 39:13-20.)  In light of these considerations, the Court imposed a custodial sentence of 120-months.  (*Id*. at 40:12-15.)

Galliher's first post-judgment motion, filed on November 30, 2020, sought credit for time served and clarification of his sentence. (Docs. 137, 137-1.) Galliher asserted he should have been awarded 898 days of credit for time served in custody before his federal sentencing hearing.  (Doc. 137 at 2.)  Galliher also requested that the Court clarify whether his federal sentence runs concurrent with his state sentence, along with other aspects of the execution of his federal sentence.

(Doc. 137-1.)  Galliher's direct appeal was actively pending. The Court dismissed

the motion for lack of jurisdiction.  (Doc. 138.)

Galliher's filed a second pro se motion on December 13, 2021.  (Doc. 141.)

Galliher requested that the Court grant him credit for time served and clarify

whether his federal sentence ran concurrent with his state sentence.  (*Id*. at 1.)

Following consultation with the record and the court reporter's rough draft of the

sentencing transcript, Galliher's motion was denied.  *See*, (Doc. 143.)  It was

explained to Galliher that his criminal history and time spent in custody prior to the

sentencing hearing was reflected in the 120-month sentence he received, which

was 68 months below the low end of the advisory guideline range.  (*Id*. at 1-2.)

The Court explained that further explanation was unnecessary regarding Galliher's

request for clarification. The Court explained that "[a]fter a district court sentences

a federal offender, the Attorney General, through the BOP, has the responsibility

for administering the sentence."  (*Id*.) (*citing United States v. Wilson*, 503 U.S.

329, 335 (1992)).  The Court directed Galliher to seek administrative and/or

judicial remedies after he was transferred into federal custody and the Bureau of

Prisons calculated his sentence.  (*Id*. at 2.)

Galliher moved again for the Court to correct his sentence on February 13,

2023.  (Doc. 148.)  The Court denied the motion finding that it had properly

accounted for Galliher's criminal history and time in custody before the sentencing

hearing when Galliher received his 120-month sentence.  (Doc. 150.)  Galliher was

advised to the extent he sought to challenge the BOP's execution of his sentence,

specifically as it related to the credit for time served, he was to file a motion

pursuant to 28 U.S.C. § 2241 in the district of confinement.  (*Id*. at 7-8.)

Galliher then filed a Rule 36 Motion and argued that the Court erroneously

entered a judgment that did not reflect the Court's "intentions" to award him 945

days of credit for time served in custody prior to his federal sentencing.  (Doc.

152.)  Galliher also filed a pro se motion to appoint counsel and referenced his

medical issues as a basis for compassionate release.  (Doc. 157.)  It was observed

that there was no clerical error in the judgment for purposes of Fed. R. Crim. P. 36.

(Doc. 159 at 4.)  Galliher subsequently filed a motion for counsel that was

construed as a motion for reduced sentence under 18 U.S.C § 3582(c)(1)(A).

Galliher was informed he would be appointed counsel under the Criminal Justice

Act to prepare an amended motion on his behalf.  (*Id*. at 5-6.)

Nathan D. Ellis appeared on Galliher's behalf and filed an amended motion

for compassionate relief and brief in support.  (Docs. 162 & 163.)  Galliher sought

release for four reasons: his severe chronic interstitial lung disease, delays in/lack

of adequate medical treatment, the deteriorating health of his mother who is his

children's primary caregiver, and the refusal of the Bureau of Prisons to credit him

with time served according to this Court's sentence.  *See e.g*., (Doc. 163 at 1-2.)

The United States opposed Galliher's motion.  (Doc. 164.) The Court granted

Galliher's motion for compassionate release in part on August 1, 2024.  (Doc.

167.)  No single factor cited by Galliher justified reduction of his sentence under

U.S.S.G § 1B1.13(b)(5). The Court found that the combined weight of Galliher's

circumstances demonstrated an extraordinary and compelling reason to reduce his

custodial sentence from 120 months to 78 months.  (*Id*. at 7-8.)

## III.    Analysis

The Court has considered Galliher's challenge to the validity of his sentence.

For the reasons explained below, the Section 2255 motion will be denied and a

certificate of appealability will not issue.

### A. Legal Standard

"A prisoner in custody under a sentence of a court established by Act of

Congress claiming the right to be released upon the ground that the sentence was

imposed in violation of the Constitution or laws of the United States […] may

move the court which imposed the sentence to vacate, set aside or correct the

sentence."  28 U.S.C. § 2255(a).  To warrant relief under Section 2255, a prisoner

must allege a constitutional, jurisdictional, or otherwise "fundamental defect which

inherently results in a complete miscarriage of justice [or] an omission inconsistent

with the rudimentary demands of fair procedure."  *United States v. Timmreck*, 441

U.S. 780, 783 (1979) (*quoting Bowen v. Johnston*, 306 U.S. 19, 27 (1939)).  In

contrast, "[e]rrors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F. 2d 970, 973 (9th Cir. 1981).

## B. Timeliness of Petition

A one-year limitations period applies to motions filed by federal prisoners under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2255(f)(2)–(4), it appears that Galliher's motion had to be filed within one year of the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1). The Ninth Circuit affirmed this Court's denial of Galliher's motion to suppress November 22, 2021. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Galliher should have filed his Section 2255 motion on or before November 23, 2022. Galliher did not file until February 28, 2025. See, (Doc. 168 at 4.)

The Court presumes that Galliher would contend that he could not have presented the IAC claim in a timely manner, because he did not discover the purported sentencing error until he was transferred to the Bureau of Prisons, after having discharged his state sentences, when his federal sentence was calculated. Galliher has been repeatedly challenging his federal sentence, beginning in November of 2020. Galliher notably did not allege that Hoovestal performed deficiently in any of his prior motions. Accordingly, it is unlikely that Galliher

would be able to provide a basis to excuse his untimely filing. This Court is empowered to bypass a procedural hurdle in the interest of judicial economy when the claim clearly fails on the merits. *See Flournoy v. Small*, 681 F. 3d 1000, 1004, n. 1 (9th Cir. 2012); *see also Franklin v. Johnson*, 290 F. 3d 1223, 1232 (9th Cir. 2001); *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

## C. Ineffective Assistance of Counsel

Galliher waived the right to collaterally attack "any aspect" of his sentence, including a challenge to the sentence in a § 2255 proceeding. (Doc. 117 at 8, ¶ 8.) The waiver did not preclude Galliher from pursuing an action alleging ineffective assistance of counsel. (*Id*. at 8.) Galliher claims Hoovestal was ineffective for not engaging in plea negotiations and/or addressing at sentencing whether Galliher was to receive credit for the time he served following his sentencing hearing. (Doc. 168 at 2.)

This claim is governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Galliher must allege facts sufficient to support an inference (1) that counsel's performance fell outside the wide range of reasonable professional assistance, *id*. at 687-88, and (2) that there is a reasonable probability that, but for counsel's unprofessional performance, the result of the proceeding would have been different, *id*. at 694. The *Strickland* standard is "highly demanding." *Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986). A court need

not reach both components of Strickland if one of the components is not established.  466 U.S. at 697.

Counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  *Id*. at 689.  The standard for judging counsel's representation is "highly deferential."  *Id*.  It is "all too tempting" to "second guess counsel's assistance after conviction or adverse sentence."  *Id*. "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (quoting *Strickland*, 466 U.S. at 690).  Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance."  466 U.S. at 689.  "[I]t is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight."  *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

To establish prejudice, a movant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is one

"sufficient to undermine confidence in the outcome." *Id*.; *see Lockhart v. Fretwell*,

506 U.S. 364, 372 (1993) (the prejudice analysis focuses on whether the result of

the proceeding was fundamentally unfair or unreliable because of counsel's

ineffectiveness).

Galliher seems to suggest that Hoovestal erred by not requesting that he

receive credit from the BOP from the date of his sentencing hearing in October of

2020, until he was released from state custody to begin serving his federal sentence

in July of 2022. (Doc. 168 at 1.) Galliher asserts he was entitled to 22 months of

"time credits moving forward after federal sentencing." (*Id*. at 1-2.) Galliher

states that this critical part of the sentence was never discussed during the

sentencing hearing or addressed in the plea agreement. Galliher acknowledges

much discussion occurred about the credit he was to receive for time served prior

to sentencing, post-sentencing time credit was not addressed. (*Id*.) Galliher

believes that Hoovestal should have negotiated this issue, specifically by

requesting that his federal sentence run concurrently to the state sentences he was

serving. (*Id*. at 3.) Galliher believes that he would already be released from

custody if Hoovestal had argued the issue. (*Id*.)

It is true that the plea agreement was silent as to whether the parties intended

the federal sentence to be served concurrently or consecutively to Galliher's state

sentences.  *See*, (Doc. 117.)  In relation to the credit to be given to Galliher for the time served before sentencing, the Government did not believe that Galliher was entitled to all of the days outlined in the PSR, or the even larger amount of days requested by Hoovestal.  During the sentencing hearing, the Government explained its opposition to Galliher being awarded credit as follows:

> But at the same turn, that five-year sentence that he received on the state side includes two revocation sentences.  So, you know, the time since April 2017 to today shouldn't receive full credit.  Because according to the PSR, he was sentenced on three cases in July of 2017.  So, in July of 2017, he got five years custody on three state cases.  One of those state cases is the same set of facts that underlies this one, but not the other two.  The other one was possession of dangerous drugs from 2012, and criminal distribution of dangerous drugs from 2010, hence, our drug dealer.
>
> So, some credit is warranted but not much.  And he's a career offender, and so that's how he should be sentenced.

(*Id*. at 36:13-25.)  Given this rationale, no reason exists to believe the Government would have been inclined to agree to recommend a concurrent federal sentence, either in a plea agreement or during the sentencing hearing.

The decision as to whether the sentence in this matter was to be concurrent or consecutive was not up to the parties. The Court made the determination at sentencing.  The Court made no finding that the sentence was to be concurrent. Galliher's federal sentence ran consecutively to his state sentence. *See*, 15 U.S.C. § 3584(a) (noting that "[m]ultiple terms of imprisonment imposed at different times

run consecutively unless the court orders that the terms are to run concurrently"). As set forth above, the Court intended for Galliher to receive 898 days of credit for time served as set out in the PSR. Further, the sentence imposed represented a 68-month departure from the low-end of the guideline range. It was explained that the sentence reflected credit for the state time for which Galliher did not receive credit and the overstatement of his criminal history as a career offender. The Court also observed, however, that "a term of significant custody is appropriate here." *See*, Trans. (Doc. 145 at 39:8-25.) The sentence imposed was much more lenient than that requested by the Government or provided for in the advisory guideline range. The actual sentence Galliher received underscores Hoovestal's effectiveness in advocating on his behalf.

Moreover, there was never an intention of having Galliher's federal sentence run concurrently to his state sentences. The extensive discussions regarding credit due to Galliher for time served on his state sentences and the interplay with his federal sentence would have been unnecessary. Given that Galliher's sentences were consecutive, his federal sentence commenced on the date he was received into federal custody, that is on July 18, 2022. *See e.g.*, (Doc. 163-1 at 138); *see also*, 18 U.S.C. § 3585(a); *Johnston v. Gill*, 883 F. 3d 756, 764 (9th Cir. 2018) ("custody" for purposes of § 3585(a) [is] "legal custody," meaning the federal government has both physical custody of the defendant and the primary

jurisdiction necessary to enforce the federal sentence).  Galliher was not entitled to

22 months of "time credit" from the date of his sentencing until the BOP obtained

primary jurisdiction and legal custody of him.  Because Galliher was not legally

entitled to such credit, Hoovestal cannot be faulted for failing to argue for the

same.

For all of these reasons, Galliher has not shown that Hoovestal provided

unreasonable assistance or performed deficiently.  Galliher cannot meet the first

*Strickland* prong. The Court need not consider whether Galliher suffered prejudice.

*Strickland*, 466 U.S. at 697.  Galliher's Section 2255 motion will be denied and

dismissed.

## IV.    Certificate of Appealability

A movant may appeal a district court's dismissal of a § 2255 motion only

after obtaining a certificate of appealability from the district court or the circuit

court.  28 U.S.C. § 2253( c)(1)(B).  "A certificate of appealability may issue …

only if the applicant has made a substantial showing of the denial of a

constitutional right."  28 U.S.C. § 2253(c)(2).  This standard is satisfied if "jurists

of reason could disagree with the district court's resolution of the constitutional

claims" or "conclude the issues presented are adequate to deserve encouragement

to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(*citing Slack v.*

*McDaniel,* 529 U.S. 473, 484 (2000)).  Under this standard, the Court concludes

that Galliher is not entitled to a certificate of appealability.  No reasonable jurist would find debatable Galliher's failure to demonstrate entitlement to relief on the claim presented in his § 2255 Motion.

**Accordingly, IT IS ORDERED**:

1.  Galliher's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 168) is **DENIED**.

2.  A certificate of appealability is **DENIED**. The clerk shall immediately process the appeal if Galliher files a Notice of Appeal.

3.  The clerk shall ensure that all pending motions in this case and in CV 25-31-H-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Galliher.

**DATED** this 5th day of June, 2025.


_____
Brian Morris, Chief District Judge
United States District Court